IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND and CHARLES A. WHOBREY, as Trustee, ) ) ) ) *Plaintiffs*, ) ) v. ) ) REESE TRUCKING, INC. ) an Ohio Corporation, ) ) *Defendant*. ) | Case No. 19-cv-4406 Judge Magistrate Judge |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of the Pension Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement

(the "Trust Agreement"), which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Pension Fund is an employee benefit plan and trust, with its principal and exclusive office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements and participation agreements with local unions affiliated with the International Brotherhood of Teamsters on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Charles A. Whobrey is a trustee and "fiduciary" of the Pension Fund as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Charles A. Whobrey is authorized to bring this action on behalf of the Pension Fund and its participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Reese Trucking, Inc. ("Reese") is a corporation organized under the laws of the State of Ohio.

8. Reese is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

9. During all relevant times, Reese has been bound by a collective bargaining agreement ("CBA") with Local Union No. 92 ("Local 92") affiliated with the International

Brotherhood of Teamsters, under which Reese is required to make contributions to the Pension Fund on behalf of certain of its covered employees.

10. During all relevant times, Reese and Local 92 have been parties to a CBA pursuant to which Reese has been required to make contributions to the Pension Fund on behalf of certain of its covered employees.

11. Reese agreed to be bound by the terms of the Trust Agreement and all rules and regulations promulgated by the Trustees under the Trust Agreement.

12. Under the Trust Agreement, Reese was required to "remit continuing and prompt contributions to the [Pension Fund] as required by the applicable collective bargaining agreement . . ."

13. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as are permitted by law. The interest payable by an Employer, in accordance with the preceding sentence, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater). Any judgment against an Employer for contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid contributions. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment

balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, or (b) at an annualized rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Pension Fund relies upon participating employers to self-report the work history of eligible employees to prepare a monthly contributions bill that the Pension Fund sends to employers. Under this self-reporting system, participating employers initially establish a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Pension Fund on a monthly basis of any changes in the employment status of individuals covered by the CBA (e.g., layoffs, new hires, terminations, etc.). If the employer does not report any changes, the Pension Fund assumes the same employees are still working and bills the employer accordingly.

## STATUTORY AUTHORITY

15. Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

16. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)   the unpaid contributions,

(B)   interest on the unpaid contributions,

(C)   an amount equal to the greater of--

   (i)   interest on the unpaid contributions, or

  (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## **STATUTORY AND CONTRACTUAL VIOLATIONS**

17. Plaintiffs hereby re-allege and incorporate each and every allegation made in paragraphs 1 through 16 of this Complaint as though fully set forth herein.

18. Based upon the employee work history reported to the Pension Fund for the months of November and December 2018 and Reese's failure to report any changes to the employment status of its covered employees for the period of December 30 through May 25, 2019, Reese has breached the provisions of ERISA, the CBA, and the Trust Agreement by failing to pay all of the contributions (and interest thereon) owed to the Pension Fund.

19. Despite demands that Reese perform its statutory and contractual obligations with respect to making contributions to the Pension Fund, Reese has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 18.

20. To date, Reese owes the Pension Fund $25,323.10for unpaid contributions (not including interest) for the period of October 28, 2018 through May 25, 2019, and additional amounts in delinquent interest resulting from the late payments received for October 2018, as a result of the conduct set forth in paragraph 18.

**WHEREFORE**, Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Trust Agreement, for:

   (i) the unpaid contributions owed to the Pension Fund based upon the employee work history reported by Defendant;

   (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

   (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

   (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

                                                                          Respectfully submitted,

                                                                          */s/Caitlin M. McNulty*
                                                                          Caitlin M. McNulty
                                                                          Attorney for Plaintiffs
                                                                          9377 W. Higgins Road, 10th Floor
                                                                          Rosemont, Illinois 60018-4938
                                                                          (847) 939-2463
                                                                          ARDC # 6317985

July 1, 2019                                      cmcnulty@centralstatesfunds.org